UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOWARD INVESTMENTS, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-300 (CEJ) |
| ) | |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion and the issues are fully briefed.

**I. Background**

The defendant is an insurance company that issued plaintiff a title insurance policy with respect to property located in Kirkwood, Missouri. Plaintiff was sued in a quiet title action in state court and sought coverage from the defendant. Defendant initially paid plaintiff's attorneys' fees and other costs associated in the defense of the state court action. However, on June 24, 2009, the defendant informed plaintiff that it was no longer covered under the policy and discontinued payment of plaintiff's defense. In 2011, the state court entered judgment in favor of plaintiff. Plaintiff now claims that the defendant had a duty to indemnify plaintiff for fees and costs associated with defending the underlying state court action. Plaintiff asserts claims of breach of contract (Count I) and vexatious refusal to pay (Count II) and seeks declaratory relief (Count III).

II.   Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals  based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570.  See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III.   Discussion

In support of dismissal, defendant asserts that plaintiff is not an insured under the policy. The policy defines an insured as:

> The owner of the indebtedness and each successor in ownership of indebtedness, whether the owner or successor owns the indebtedness for its own account or as a trustee or other fiduciary, except a successor who is an obligor under the provisions of Section 12(c) of these Conditions;

(Doc. #5, p. 14).

The policy further states:

> With regard to (A), (B), (C), (d), and (E) reserving, however all rights and defenses as to any successor that the company would have had against any predecessor Insured, unless the successor acquired the Indebtedness as a purchaser for value without knowledge of the asserted defect, lien, encumbrance, or other matter insured against this policy.

(Doc. #5, p. 14).

Defendant argues that plaintiff is not insured under the terms of the policy because plaintiff acquired a deed of trust on the property with knowledge that the underlying state action was pending.  The Court finds that defendant's argument is premature.  Whether plaintiff had knowledge of the underlying state court action before acquiring a deed of trust on the property is a question of fact that cannot be resolved on a motion to dismiss.

Defendant next argues that plaintiff's vexatious refusal claim should be dismissed because plaintiff has not sustained any loss covered by the policy.  Because the state court entered judgment in favor of plaintiff, defendant contends that plaintiff suffered no loss in defending the underlying state court action.  To state a claim for vexatious refusal in Missouri, plaintiff must plead facts which, if proven, would show that: (1) it had an insurance policy with the defendant; (2) defendant refused to pay; and (3) defendant's refusal was without reasonable cause or excuse. Hensley v. Shelter Mutual Ins. Co., 210 S.W.3d 455, 464 (Mo.Ct.App.2007) (citing Dhyne v. State Farm Fire and Casualty Co., 188 S.W.3d 454, 457 (Mo.2006)).  Here, plaintiff alleges that defendant refused to defend plaintiff in the underlying state court action. Plaintiff further alleges that defendant acted in bad faith and caused plaintiff to incur attorneys' fees.  The Court finds that these allegations sufficiently state a vexatious refusal claim. Furthermore, plaintiff alleges that it has sustained a loss by incurring attorney fees and

costs in a defending a lawsuit that the defendant should have covered.  Count II will not be dismissed.

Defendant also contends that plaintiff's request for declaratory judgment should be dismissed because plaintiff request monetary damages in Counts I and II.  Indeed, equitable relief is only available when there is no adequate remedy at law. Schildknect v. Dir. of Rev., State of Missouri, 901 S.W.2d. 348, 349 (Mo. App. E.D. 1995).  However, plaintiff requests declaratory judgment in the alternative to monetary relief.  Therefore, Count III will not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#8] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2012.